NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2021[*]
Decided October 5, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1178

| | |
|---|---|
| RICARDO LAGUNES-HERNANDEZ, *Petitioner*, | On Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A206-304-226 |
| MERRICK B. GARLAND, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Ricardo Lagunes-Hernandez, a citizen of Mexico, petitions for review of a Board of Immigration Appeals' order denying a motion to remand his case to the immigration judge to consider cancellation of removal. He asserts that his initial Notice to Appear in immigration court did not specify the time and place of the removal proceedings—that information came in a later document—and argues that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), the government's failure to issue a single initial Notice bearing this information resulted in the continued

---

[*] We granted the parties' joint motion to waive oral argument, and the petition is therefore submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

accrual of time toward the 10 years of continuous physical presence in the United States necessary to seek cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). But even after *Pereira* and *Niz-Chavez*, we've made clear that a petitioner seeking to present such a theory in this court must show either that he timely objected to a defective Notice or that his delay in raising the issue was excusable and that he was prejudiced by the defect. *See, e.g.*, *Mejia-Padilla v. Garland*, 2 F.4th 1026 (7th Cir. 2021); *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019). Otherwise, the argument is forfeited.

Lagunes-Hernandez has not made any of these showings. Although represented by counsel at the time, he did not object to the defective Notice during removal proceedings before the immigration judge. Nor was his failure to object excusable, especially since *Pereira* was decided in June 2018, while his case was still before the immigration judge, and could have been cited in an argument for dismissing the proceedings. And Lagunes-Hernandez has not demonstrated prejudice. Despite a defective initial Notice, he was subsequently advised of the time and place of his removal hearing and appeared before the immigration judge (with counsel) at the appointed hour. He doesn't contend that the defective Notice hampered his ability to prepare for the hearing or otherwise affected the proceedings.

Because Lagunes-Hernandez has forfeited the defective-Notice argument and does not challenge any other aspect of the Board's order, his petition for review is DENIED.